FILED _____ LODGED
RECEIVED _____ COPY

JUN 3 0 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

John D. Parker, II
6885 E. Cochise Rd. #220
Paradise Valley, AZ 85253
(602) 257-8100
Plaintiff in pro per

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

JOHN D. PARKER, II, a single man,

        Plaintiffs,

v.

FIRST STEP GROUP OF MINNESOTA, LLC (FN),
a Minnesota limited liability company, whose true
name is FIRST STEP GROUP LLC; CACH, LLC, a
Colorado limited liability company, a subsidiary of
SQUARETWO FINANCIAL SERVICES
CORPORATION, a Delaware corporation; DOES I
through XX, BLACK CORPORATIONS A-L,
WHITE PARTNERSHIPS M-Z,

        Defendants.

No. CV-15-01217-PHX-JZB

**COMPLAINT**

This civil action is instituted under the Fair Debt Collections Practices Act, 15 U.S.C.
§ 1692 et. seq. (the "Act") to recover actual damages, statutory damages, and reasonable
attorneys' fees and costs because Defendants have violated the Act.

I.

Jurisdiction of this Court is invoked pursuant to § 1692(d) of the Act.

II.

First Step Group of Minnesota, LLC (FN), a Minnesota limited liability company,
whose true name is First Step Group, LLC, ("First Step") is qualified to transact business in
Arizona.

. . .

**III.**

Defendant CACH, LLC, a Colorado limited liability company, a subsidiary of SquareTwo Financial Services Corporation, a Delaware corporation, ("CACH") is qualified to transact business in Arizona.

**IV.**

Does I through XX, Black Corporations A through L, and White Partnerships M through Z are fictitious Defendants whose names and identities will be substituted when they become known to Plaintiff.

**V.**

Plaintiff John D. Parker, II, resides at 6885 E. Cochise Rd., #220, Paradise Valley, AZ 85253. They are natural persons obligated or allegedly obligated to pay a debt, and thus are consumers within the meaning of 15 U.S.C. § 1692a(3).

**VI.**

At all times relevant, Defendants First Step and CACH were "debt collectors" within the meaning of the Act because each regularly conducted or attempted to collect debts owed or due, or asserted to be owed or due another, using instrumentalities of interstate commerce and the mail.

**VII.**

All acts or omissions alleged of in this Complaint occurred in Maricopa County, Arizona, which is in this District.

**VIII.**

On or about February 4, 2015 Defendants sent a demand letter to Plaintiff that stated "BECAUSE OF THE AGE OF YOUR DEBT, CACH, LLC WILL NOT SUE YOU FOR IT . . ." presumably because the alleged debt is past Arizona's six-year statute of limitations for credit card transactions. See A.R.S. § 12-548. A true and correct copy of the demand letter is attached to this Complaint as Exhibit 1.

IX.

On June 25, 2010, nearly five years ago, Plaintiff was married to Regina Parker (now Bogan) when she filed for Chapter 7 bankruptcy protection.   See in re Regina Parker, No.2:10-bk-19900-RTB.  A true and correct copy of her petition is attached to this Complaint as Exhibit 2.

X.

On October 5, 2010, Ms. Bogan received her Chapter 7 discharge.  A true and correct copy of her discharge notice is attached to this Complaint as Exhibit 3.

XI.

Plaintiff and Ms. Bogan were divorced on June 1, 2011.  A true and correct copy of the decree of dissolution is attached to this Complaint as Exhibit 4.

XII.

Even though Ms. Bogan did not list the alleged debt in her bankruptcy schedules, the alleged debt would have been subject to discharge in her bankruptcy.  Further, the alleged debt was a community obligation, allegedly owed during Plaintiff's marriage to Ms. Bogan.  In Arizona, the bankruptcy filing of a married person commits all of his separate property, and all of the community property, to the bankruptcy "estate" for the repayment of that spouse's separate debts and all community obligations.  11 U.S.C. § 541(a)(2); In re Teel, 34 B.R. 762 (9th Cir. BAP 1983).  Thus, community debts can be discharged with only one spouse filing for relief.

XIII.

Defendants are liable under the Act because they used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of section 1692e of the Act by collecting or attempting to collect a debt that is no longer valid because it is of the type that was discharged in Plaintiff's ex-wife's bankruptcy when the Plaintiff was married to his now ex-wife.

XIV.

Plaintiff is entitled to recover a statutory penalty of not less than $2,000.00, or $1,000.00 from First Step, and $1,000.00 from CACH, for their respective violations of the Act, according to proof, interest at the maximum rate allowed under law, plus reasonable attorneys' fees and costs of this action as provided by 15 U.S.C. Sec. 1692k(a) against each of them.

WHEREFORE, Plaintiff requests judgment be entered against Defendant First Step Group of Minnesota, LLC (FN), a Minnesota limited liability company, whose true name is First Step Group, LLC, Defendant CACH, LLC, a Colorado limited liability company, a subsidiary of SquareTwo Financial Services Corporation, a Delaware corporation ("CACH"), and the Doe Defendants jointly and severally, as follows:

1.     Statutory damages in the amount of $2,000.00 or $1,000.00 against First Step Group, LLC, and $1,000.00 against CACH, LLC;

2.     Actual damages according to proof at trial;

3.     Reasonable attorneys' fees and court costs; and

4.     Such other and further relief as the Court may deem just and proper.

DATED this _30th_ day of June, 2015

By: _____
John D. Parker, II
6885 E. Cochise Rd. #220
Paradise Valley, AZ 85253

K:\170\980416\fdcpa.wpd

Exhibit One

Exhibit One

# FIRST STEP GROUP

**FAIR SQUARE PROMISE**

First Step Group, LLC
6300 Shingle Creek Parkway
Suite 220
Brooklyn Center, MN 55430
855-666-9147 p
763-503-6724 f
www.FirstStep-Group.com

February 04, 2015

JOHN D PARKER
6885 E COCHISE RD APT 220
PARADISE VALLEY, AZ 85253-1432      59288
6204
86

59288

| | |
|---|---|
| Creditor: | CACH, LLC |
| Account No.: | 120006548522 |
| Original Creditor: | MBNA America, N.A. |
| Original Creditor Account No.: | 5490351402422367 |
| Current Balance: | $3,527.37 |

Dear John Parker,

THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, CACH, LLC WILL NOT SUE YOU FOR IT, AND CACH, LLC WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY.

Your account has been sold and assigned to our client, CACH, LLC. This office has been hired to collect the above balance that you owe our client. This is a demand for payment of your outstanding obligation.

In making this demand, we are relying entirely on information provided by our client.

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the thirty-day period we will provide you with the name and address of the original creditor, if different from the current creditor.

If you have any questions or would like to make payment arrangements on the account, please call us toll-free at 1.855.666.9147.

Sincerely,

First Step Group, LLC

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**CALLS TO AND FROM FIRST STEP GROUP, LLC MAY BE MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

45257

Exhibit Two

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)          Case Number 2:10-bk-19900-RTB

| UNITED STATES BANKRUPTCY COURT District of Arizona |
|---|

## Notice of
## Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 6/25/10.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): REGINA PARKER 1852 E MINERAL RD GILBERT, AZ 85234 | |
|---|---|
| Case Number: 2:10-bk-19900-RTB | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos: 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 |
| Attorney for Debtor(s) (name and address): VINCENT R. MAYR LAW OFFICES OF VINCENT R. MAYR, LTD. 222 S. POWER RD., STE 204 MESA, AZ 85206 Telephone number:  480-507-0859 | Bankruptcy Trustee (name and address): ROGER W. BROWN P.O. BOX 32967 PHOENIX, AZ 85064-2967 Telephone number:  602-274-4231 |

### Meeting of Creditors

Date:  **July 30, 2010**                                    Time:  **02:00 PM**

Location:  **US Trustee Meeting Room, 230 N. First Avenue, Suite 102, Phoenix, AZ**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 9/28/10**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office: U.S. Bankruptcy Court, Arizona 230 North First Avenue, Suite 101 Phoenix, AZ 85003-1727 Telephone number:  (602) 682-4000 | For the Court: Clerk of the Bankruptcy Court: Brian D. Karth |
|---|---|
| Hours Open:  Monday – Friday 9:00 AM – 4:00 PM | Date: 6/25/10 |

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

District of Arizona
### Case No. 2:10–bk–19900–RTB
### Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    REGINA PARKER
    1852 E MINERAL RD
    GILBERT, AZ 85234

Social Security / Individual Taxpayer ID No.:
    xxx–xx–0153

Employer Tax ID / Other nos.:


## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).


                                        BY THE COURT


Dated: 10/5/10                          Redfield T. Baum Sr.
                                        United States Bankruptcy Judge


        **SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Exhibit Three

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# CERTIFICATE OF NOTICE

District/off: 0970-2        User: admin              Page 1 of 2          Date Rcvd: Oct 05, 2010
Case: 10-19900             Form ID: b18              Total Noticed: 35

The following entities were noticed by first class mail on Oct 07, 2010.
```
db          +REGINA PARKER,   1852 E MINERAL RD,   GILBERT, AZ 85234-8213
cr          +Hallcraft Villas West Four, Inc.,   c/o Shaw & Lines, LLC,   4523 E. Broadway Road,
             Phoenix, AZ 85040-8827
             PARKER LAW FIRM PLLC,   FKA PARKER & THOMPSON PLLC,   P O BOX 63098,   PHOENIX, AZ 85082-3098
cr          +Paker Law Firm, P.L.C.,   141 E. Palm Lane,   Suite 111,   Phoenix, AZ 85004-1554
cr          +SONOMA RANCH HOMEOWNERS ASSOCIATION,   c/o Shaw & Lines, LLC,   4523 E. Broadway Road,
             Phoenix, AZ 85040-8827
9372587     +Ccm Enterprises,   Acct No 38840461598497,   110 S Main St Ste 200,   Wichita KS 67202-3700
9372588     +Cmre Financial Svcs In,   Acct No T790VAN001001160843I,   3075 E Imperial Hwy Ste,
             Brea CA 92821-6733
9372589     +Collection Service Bur,   Acct No I100BAN1302249844,   Po Box 310,   Scottsdale AZ 85252-0310
9372590     +Diamond Resorts Fs,   Acct No 276311,   10600 W Charleston Blvd,   Las Vegas NV 89135-1014
9372594     +Grant & Weber,   Acct No 005682907,   14795 N 78th Way Ste 800,   Scottsdale AZ 85260-6915
9372593     +Grant & Weber,   Acct No 006279633,   14795 N 78th Way Ste 800,   Scottsdale AZ 85260-6915
9391724     +Hallcraft Villas West Four, Inc.,   c/o Shaw & Lines, LLC,   4523 E. Broadway Road,
             Phoenix, Arizona 85040-8827
9372596     +INTEGRITY FINANCIAL PARTNERS, INC,   Acct No 7518271,   4370 W 109TH ST STE 100,
             Leawood KS 66211-1316
9372609     +JOHN D. PARKER, II,   6885 E COCHISE DRIVE #134,   Paradise Valley AZ 85253-1431
9372603     +John D. Parker, II,   6885 E Cochise Road #134,   Paradise Valley AZ 85253-1431
9372616     +KEVIN WITASICK & WHITNEY WITASICK,   Acct No CV-06-0903-PHX-GMS,   C/O POLSINELLI SHUGHART, P.C.,
             3636 N CENTRAL AVE STE 1200,   Phoenix AZ 85012-1998
9372617     +Lane Bryant Retail/Soa,   Acct No 697800006145824I,   450 Winks Ln,   Bensalem PA 19020-5932
9372618     +Litton Loan Servicing,   Acct No 15576788,   4828 Loop Central Dr,   Houston TX 77081-2212
9372619     +MPNS, INC,   Acct No CV2000-013766,   C/O PARKER LAW FIRM, P.L.C.,   P.O. BOX 63098,
             Phoenix AZ 85082-3098
9372621     +RIEXINGER & ASSOCIATES, LLC,   Acct No 593669,   P.O. BOX 956188,   Duluth GA 30095-9504
9372622     +SHAW & LINES, LLC,   Acct No CC2008-270749,   4523 E BROADWAY RD,   Phoenix AZ 85040-8827
9372623     +SONOMA RANCH HOA,   1801 S EXTENSION RD STE 124,   Mesa AZ 85210-5034
9391675     +Sonoma Ranch Homeowners Association,   c/o Shaw & Lines, LLC,   4523 E. Broadway Road,
             Phoenix, Arizona 85040-8827
9372624     +Texas Guar Student Loa,   Acct No 100100000000000213901,   Po Box 83100,
             Round Rock TX 78683-3100
9372625     +The Bureaus Inc,   Acct No 414531730,   1717 Central St,   Evanston IL 60201-1507
```

The following entities were noticed by electronic transmission on Oct 05, 2010.
```
tr           EDI: BRWBRWON.COM Oct 05 2010 20:28:00   ROGER W. BROWN,   P.O. BOX 32967,
             PHOENIX, AZ 85064-2967
smg          EDI: AZDEPREV.COM Oct 05 2010 20:28:00   AZ DEPARTMENT OF REVENUE,   BANKRUPTCY & LITIGATION,
             1600 W. MONROE, 7TH FL.,   PHOENIX, AZ 85007-2650
9372585     +EDI: ARROW.COM Oct 05 2010 20:23:00   Arrow Financial Servic,   Acct No WASHINGTO-42151408,
             5996 W Touhy Ave,   Niles IL 60714-4610
9372586     +EDI: CAPITALONE.COM Oct 05 2010 20:28:00   Cap One Na,   Acct No 5187202212939546,
             Po Box 26625,   Richmond VA 23261-6625
9372591     +EDI: RMSC.COM Oct 05 2010 20:28:00   Gemb/Sams Club,   Acct No 7714100398471219,
             Po Box 981400,   El Paso TX 79998-1400
9372592      EDI: GMACFS.COM Oct 05 2010 20:28:00   Gmac,   Acct No 061904148895,   Po Box 12699,
             Glendale AZ 85318
9372595     +EDI: HFC.COM Oct 05 2010 20:28:00   Hsbc Bank,   Acct No 5155970018387924,   Po Box 5253,
             Carol Stream IL 60197-5253
9372597      EDI: IRS.COM Oct 05 2010 20:28:00   INTERNAL REVENUE SERVICE,   Acct No XXX-XX-0153,
             210 E EARLL DRIVE,   MS 5014 PX,   Phoenix AZ 85012
9372598      EDI: IRS.COM Oct 05 2010 20:28:00   INTERNAL REVENUE SERVICE,   Acct No XXX-XX-7167,
             210 E EARLL DRIVE,   MS 5014 PX,   Phoenix AZ 85012
9372620     +EDI: CFSX.COM Oct 05 2010 20:28:00   Paragonway,   Acct No 7714100398471219,
             2101 West Ben Whit,   Austin TX 78704-7516
                                                                                       TOTAL: 10
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           U.S. Bank National Association, as Trustee for the
9372599*    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
             (address filed with court:   INTERNAL REVENUE SERVICE,   Acct No XXX-XX-7167,   210 E EARLL DRIVE,
             MS 5014 PX,   Phoenix AZ 85012)
9372600*    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
             (address filed with court:   INTERNAL REVENUE SERVICE,   Acct No XXX-XX-7167,   210 E EARLL DRIVE,
             MS 5014 PX,   Phoenix AZ 85012)
9372601*    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
             (address filed with court:   INTERNAL REVENUE SERVICE,   Acct No XXX-XX-7167,   210 E EARLL DRIVE,
             MS 5014 PX,   Phoenix AZ 85012)
9372602*    ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 21126,
             PHILADELPHIA PA 19114-0326
             (address filed with court:   INTERNAL REVENUE SERVICE,   Acct No xxx-xx-7167,   210 E EARLL DRIVE,
             MS 5014 PX,   Phoenix AZ 85012)
9372610*    +JOHN D. PARKER, II,   6885 E COCHISE DR #134,   Paradise Valley AZ 85253-1431
9372611*    +JOHN D. PARKER, II,   6885 E COCHISE DR #134,   Paradise Valley AZ 85253-1431
9372612*    +JOHN D. PARKER, II,   6885 E COCHISE DR #134,   Paradise Valley AZ 85253-1431
9372613*    +JOHN D. PARKER, II,   6885 E COCHISE DR #134,   Paradise Valley AZ 85253-1431
9372614*    +JOHN D. PARKER, II,   6885 E COCHISE DR #134,   Paradise Valley AZ 85253-1431
9372615*    +JOHN D. PARKER, II,   6885 E COCHISE DR #134,   Paradise Valley AZ 85253-1431
9372608*    +JOHN D. PARKER, II,   6885 E Cochise Road #134,   Paradise Valley AZ 85253-1431
```

```
District/off: 0970-2        User: admin          Page 2 of 2          Date Rcvd: Oct 05, 2010
Case: 10-19900             Form ID: b18         Total Noticed: 35

                ***** BYPASSED RECIPIENTS (continued) *****
9372604*       +John D. Parker, II,    6885 E Cochise Road #134,   Paradise Valley AZ 85253-1431
9372605*       +John D. Parker, II,    6885 E Cochise Road #134,   Paradise Valley AZ 85253-1431
9372606*       +John D. Parker, II,    6885 E Cochise Road #134,   Paradise Valley AZ 85253-1431
9372607*       +John D. Parker, II,    6885 E Cochise Road #134,   Paradise Valley AZ 85253-1431
                                                                   TOTALS: 1, * 15, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 07, 2010                    Signature:    *Joseph Speetjens*

Exhibit Four

Michael K. Jeanes, Clerk of Court
*** Filed ***
06/02/2011 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                           05/25/2011


                                               CLERK OF THE COURT
HON. ANDREW G. KLEIN                                  C. Vila
                                                     Deputy


IN RE THE MARRIAGE OF
JOHN D PARKER II                           JERALD C THOMPSON

AND

REGINA PARKER                              KIMBERLY L S MOONEY


                                           DOCKET-FAMILY COURT CCC
                                           FAMILY COURT SERVICES-CCC
                                           KATHLEEN I MIHOLICH
                                           16826 S 34TH ST
                                           PHOENIX AZ  85048


                          JUDGMENT/DECREE


        Courtroom CCB 604

        Prior to Trial, Respondent's Exhibits 1 through 39 are marked for identification.

        9:02 a.m.  This is the time set for Trial with regard to Petitioner's March 5, 2010 Petition
for Dissolution of Marriage.  Petitioner/Father, John D. Parker II, is present with counsel, Jerald
C. Thompson.  Respondent/Mother, Regina Parker, is present with counsel, Kimberly LS
Mooney.

        A record of the proceedings is made by audio and/or videotape in lieu of a court reporter.

        John D. Parker II and Regina Parker are sworn and testify.

        **IT IS ORDERED** appointing Kathleen Miholich as Parenting Coordinator, with the
parties to split the fees 50/50.  A separate minute entry shall issue regarding the appointment.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                              05/25/2011

On agreement of the parties,

**IT IS ORDERED** adopting the Full Agreement for Custody and Parenting Time signed by the parties on June 4, 2010 as a final order of the Court. The parties agree that this Parenting Time Agreement will be implemented as soon as Mother moves from her current residence, which is in foreclosure. Once she does move, then the Agreement obligates her to move within a 15-mile radius of Chaparral High School. At that time, the parties will follow a week on/week off schedule with exchanges on Sunday at 7:30 p.m. rather than 6:00 p.m. as stated in the Agreement. The parties further agree that at that point the children will attend school in the Scottsdale/Paradise Valley School District. Johnny will attend Chaparral. Jordan will attend junior high at his present school in Gilbert until his Mother moves from their current residence. At that point, if Jordan still is in junior high school, he must enroll in school in the Scottsdale/Paradise Valley District. Mother may choose the school.

Discussion continues with the Court.

Based on the testimony and evidence presented,

**THE COURT FINDS** that neither party shall pay child support to the other. At this time each party has one child residing primarily with him/her; and once Mother relocates, the parties will share equal access on a week on/week off schedule. Additionally, Father has agreed to pay spousal maintenance, which should help Mother defray the costs of being primariliy responsible for Jordan.

**THE COURT FURTHER FINDS** that no past child support order will be entered.

**IT IS ORDERED** that Father may claim the dependency tax exemption for John III every year, and Mother may claim the dependency tax exemption for Jordan every year. Once John III emancipates, the parties will alternate the exemption for Jordan with Father claiming the exemption in odd-numbered years and Mother claiming the exemption in even-numbered years.

**IT IS FURTHER ORDERED** that Mother shall provide a copy of her 2010 tax return to Father.

**IT IS FURTHER ORDERED** that unreimbursed medical expenses of the children shall be divided by the parties, with Father responsible for 65% and Mother responsible for 35%.

Discussion continues with the Court.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                    05/25/2011

**IT IS ORDERED** that Mother may remain in the marital residence until she is forced to move or moves on her own volition. The mortgage will not be paid. Father offered to quit claim the property to Mother, but she refused at this time. Again, if and when Mother moves, then she must move within 15 miles of Chaparral High School.

**IT IS FURTHER ORDERED** that both parties shall cooperate in the event either party wants to pursue a loan modification.

11:41 a.m. Court stands at recess.

11:47 a.m. Court reconvenes with respective parties and counsel present.

A record of the proceedings is made by audio and/or videotape in lieu of a court reporter.

Discussion continues with the Court regarding division of property.

The parties reach certain agreements as set out later in this Decree.

12:08 p.m. Court stands at recess.

1:32 p.m. Court reconvenes with respective parties and counsel present.

A record of the proceedings is made by audio and/or videotape in lieu of a court reporter.

Discussion continues with the Court.

With regard to spousal maintenance, the parties agree as follows:

- Father shall pay spousal maintenance to Mother in the amount of $1,250 per month, commencing June 1, 2011. All payments shall be made through the Support Clearinghouse. Father shall make the June payment directly to Mother. Commencing July 1, 2011 all payments shall be made through the Support Clearinghouse by wage assignment.

- In recognition of the fact that Mother is accepting less spousal maintenance than what she believes she is entitled to (Father does not agree), Father shall be responsible for the entire IRS debt owed by his law firm. This debt will be awarded to Father as his sole and separate obligation. If the IRS takes a different view and seeks to hold Mother responsible for any amount of this debt, she has a direct right of contribution against Father for whatever amount she pays to the IRS.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                    05/25/2011

- In the event the IRS does not honor this Court's determination and instead considers this debt as community in nature, Mother may seek modification of spousal maintenance under A.R.S. § 25-327 on the basis that there has been a change of circumstances that is substantial and continuing in nature; the change being that the IRS is coming after Mother for a debt Father agreed to pay. Father, of course, does not waive his right to argue at that point that the amount of spousal maintenance he is paying when combined with Mother's salary is sufficient to provide for her reasonable needs even if the IRS pursues Mother for this debt.

- Father agrees to be responsible for 100% of the costs of the children's athletic extracurricular activities.

- The duration of this spousal maintenance award shall be between 5 and 10 years. At any time prior to 5 years either side may file for modification pursuant to A.R.S. § 25-327 if they can show there has been a change of circumstances that is substantial and continuing in nature. At the end of the fifth year either party has the right to request that the same amount of spousal maintenance either be terminated or continued without the need to demonstrate a change of circumstances since the award has been left open for an undetermined duration of between 5 and 10 years. The Court's decision on future duration will be based on equitable considerations and the factors contained in 25-319. However, if either party wants to seek a change in the amount of spousal maintenance ($1,250/month) instead of simply seeking to extend or terminate the duration, the party/parties who propose a different amount will need to demonstrate the requisite change of circumstances under 25-327.

- This spousal maintenance award is based on Mother earning a gross income of approximately $4,900 per month and Father being imputed income of $9,000-10,000 per month. The Court is unable at this time to determine the income that should be imputed to Father because of his failure to disclose in a timely fashion financial information concerning the amount of personal expenses he runs through his business. Because of Father's failure to disclose this information despite Court orders, the Court does not have a true picture of Father's earnings. That is why the duration of the award is left open for a period of between 5 and 10 years.

The parties testify that they have heard and understood these agreements, that they have voluntarily agreed to these matters in the absence of duress, coercion, threats, or undue influence, and that the agreements are fair and equitable and in the best interest of their minor children.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                          05/25/2011

**THE COURT FINDS** that the above agreements entered into between the parties are fair and equitable and in the best interests of the parties' minor children. The Court hereby approves the same as a binding agreement pursuant to Rule 69, Rules of Family Law Procedure, and includes these agreements in the Decree.

LET THE RECORD REFLECT an Order of Assignment is initiated electronically by the above-named deputy clerk.

Discussion continues with the Court.

**IT IS ORDERED** that Father shall cooperate with Mother to obtain a declining balance term life insurance policy on his life for $75,000 in order to have a source to guarantee his future spousal maintenance payments. Within 1 month Father shall schedule any necessary medical exam. Mother shall be responsible for the cost of the premium. If she decides not to pay the premium, Father does not have to obtain a term policy on his life.

With regard to Mother's request for attorney's fees,

**THE COURT FINDS** that an award of attorney fees is appropriate.

**IT IS ORDERED** that Mother's counsel shall file a <u>China Doll</u> Affidavit on or before May 27, 2011. Father's Response shall be no more than 5 pages and shall be filed on or before June 8, 2011. No Reply shall be filed. The Court will issue its ruling by June 15, 2011.

There being no further need to retain the exhibits not offered in evidence in the custody of the Clerk of the Court,

**IT IS ORDERED** that the Clerk permanently release all exhibits not offered in evidence to the counsel causing them to be marked, or to their written designee.

**IT IS FURTHER ORDERED** that counsel or written designee take immediate possession of all exhibits referenced above.

**ISSUED:** Exhibit Release Form

**FILED:** Exhibit Worksheet

4:06 p.m. Matter concludes.

Docket Code 903                    Form D000C                         Page 5

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                              05/25/2011

## DECREE OF DISSOLUTION OF MARRIAGE

A trial in this dissolution case was held on May 25, 2011.  Based on the evidence presented, the Court makes the following findings and conclusions and issues this Decree of Dissolution.

Both Petitioner/Father (sometimes referred to as "Husband") and Respondent/Mother (sometimes referred to as "Wife") appeared at the trial, were sworn, and offered testimony and other evidence.

The Court is informed that the parties have reached the following agreements:

1. Each party shall retain the personal property in their possession as his or her sole and separate property.

2. Mother shall be awarded the furnishings in the marital residence as her sole and separate property, with an equalization credit to Father of $2,000 as and for his 50% interest in the furnishings.

3. Mother shall be awarded the 2003 Cadillac Escalade as her sole and separate property, with an equalization credit to Father of $3,329.50 as and for his 50% interest in the equity in the vehicle.

4. Father shall be awarded the 1999 Volvo as his sole and separate property.

5. Father shall be awarded The Parker Law Firm and all assets related thereto as his sole and separate property.

6. Mother shall retain her JP Morgan Chase 401(K) account as her sole and separate property.

7. Mother shall retain her pension with Lockheed as her sole and separate property.  In return Father receives an equalization credit of $2,335.25.

8. Each party shall retain the financial accounts in their sole name as his or her sole and separate property.

9. Father owed back spousal maintenance to Mother from May 2010 in the amount of $20,750 ($2,000/month from May 2010-October 2010 for a

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                          05/25/2011

total of $12,000; and $1,250/month from November 2010-June 1, 2011 for a total of $8,750) and has paid during this time the amount of $10,750. This means he owed $10,000 before the offsets enumerated above. Since those offsets total $7,664.75, Father owes a total of $2,335.25 for back spousal maintenance. This amount shall be a judgment against Father that earns interest at the prevailing legal rate.

The parties testify that they have heard and understood these agreements, that they have voluntarily agreed to these matters in the absence of duress, coercion, threats, or undue influence, and that the agreements are fair and equitable and in the best interest of their minor children.

**THE COURT FINDS** that the above agreements entered into between the parties are fair and equitable and in the best interests of the parties' minor children. The Court hereby approves the same as a binding agreement pursuant to Rule 69, Rules of Family Law Procedure, and includes these agreements in the Decree.

### JURISDICTION

**THE COURT FINDS:**

1.  At the time this action was commenced at least one of the parties was domiciled in the State of Arizona and that said domicile had been maintained for at least 90 days prior to the filing of the Petition for Dissolution of Marriage.

2.  The conciliation provisions of A.R.S. §25-381.09 have either been met or do not apply.

3.  The marriage is irretrievably broken and there is not reasonable prospect for reconciliation.

4.  The parties have 2 minor children: John D. Parker III (DOB: 1/22/1995) and Jordan W. Parker (DOB: 3/24/1998).

5.  Mother is not pregnant.

6.  This is not a covenant marriage.

7.  The parties have each completed the parent education program required under A.R.S. §25-351 as evidenced by the Certificate of Completion filed by each party.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                    05/25/2011

8.      To the extent that it has jurisdiction to do so, the Court has considered, approved, and
        made provision for, when applicable, child custody, spousal maintenance, and the
        division of property and debts.

        Based thereon,

### DISSOLUTION OF MARRIAGE

        **IT IS ORDERED** dissolving the marriage of the parties and restoring each party to the
status of a single person effective upon the signing and entry of this Decree.

### JOINT CUSTODY

        **IT IS ORDERED** that the parties shall share joint legal custody of the minor children,
John D. Parker III (DOB: 1/22/1995) and Jordan W. Parker (DOB: 3/24/1998).

**IT IS THEREFORE ORDERED:**

1.      The parties understand that joint legal custody does not necessarily mean equal parenting
        time.

2.      Each party is entitled to full and unrestricted access to all medical, dental, prescription,
        and health related records of the children and may secure information from and consult
        with all health care professionals providing care for the minor children. Each party shall
        keep the other party informed of the names, addresses, and telephone numbers of all such
        healthcare providers.

3.      Each party is entitled to equal, full, and unrestricted access to all education-related
        records and personnel, and have the right to be fully informed about and meaningfully
        participate in all educational decisions.

4.      In the event of any emergency or urgent circumstance involving the children, the party
        then having physical custody of the children shall inform the other party of the nature of
        the emergency or urgent circumstance as soon as is reasonably possible.

5.      Each party shall have the right to attend and participate in school conferences and
        activities, extra-curricular activities, and any other similar event in which parents are
        routinely invited or permitted to attend, even if said event is during the other party's
        parenting time.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                    05/25/2011

6.     Unless restricted by Court order, each party shall keep the other informed of his/her home
       address, home telephone number, employer and address, work telephone number, and if
       applicable, cellular telephone number and e-mail address.  If any of this information
       changes, the other party shall be informed of the change forty-eight hours in advance
       thereof, or as soon as possible afterward if advance notice is not possible.

7.     The parties shall try to jointly decide major life decisions concerning their children.
       Major life decisions include, without limitation:  the selection of schools;
       educational/special education plans and needs; the selection of healthcare providers;
       dental and medical plans and needs; medical treatment; mental health plans, needs, and
       treatment; and, at times, religious training.  In making major life decisions concerning the
       children, each party has an affirmative obligation to (1) confer in good faith with the
       other party, (2) give equal consideration to the other party's perspective, and (3) work
       cooperatively with the other party.  If the parties decide to seek advice from healthcare
       professionals or educators, both parties shall be provided with and entitled to such advice
       before making their decision. If the parties cannot agree after making a good faith effort
       to come to an agreement regarding a particular issue, the parties shall mediate the dispute
       prior to initiating a proceeding with the Court, except in cases where there is a genuine
       and imminent threat to the health, safety, or welfare of the children.

8.     Neither party shall make derogatory, disparaging, or similarly negative comments about
       the other party in the presence of the minor children.  Neither party shall discuss family
       law legal proceedings with the children or use the children as a messenger for parenting
       issues.  Each parent shall encourage love and respect between the children and the other
       parent, and neither shall do anything which may undermine the children's relationship
       with the other parent.

9.     Neither party shall permit the children to be subjected to corporal punishment of any kind
       including, but not limited to, spanking, hitting, or striking with an instrument, and/or
       hitting or striking with a closed fist or open hand.  Neither party shall permit the children
       to be punished by use of anything that could cause injury, bruising, or significant pain.

10.    Neither party shall subject the minor children to any environment that involves domestic
       violence.  Domestic violence is defined by A.R.S. §13-3601(A).

11.    Neither party shall subject the minor children to any acts of a volatile or abusive nature
       that may disrupt their day-to-day childhood peacefulness, which means no volatile
       arguments in front of or within earshot of the minor children.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                    05/25/2011

12.     Neither party shall delegate parenting or discipline responsibilities for the minor children to any other person.

13.     Both parents shall be listed as emergency contacts on any forms or lists that require such contact information, such as, but not limited to, educational, activity, childcare, and/or medical provider(s).

14.     If either parent chooses to have the children travel out of his/her home state, the non-participating parent shall be informed at least three days in advance of all pertinent information (i.e., the itinerary, address, phone numbers, etc.) unless otherwise restricted by previous Court order.

15.     Both parents shall consult and seek agreement with one another regarding any extra curricular activity which may affect the other parent's access.

16.     Both parents shall exert their best efforts to work cooperatively in future plans consistent with the children's best interests and to amicably resolve such issues as they arise.

17.     Each parent may take the children to a church or place of worship of his/her choice during the time that the children are in his/her care.

18.     Each party shall allow the other party the care provider of choice for the children if the party who has custody of the children is unable to care for the children for any duration of time. However, if the duration is for more than a twenty-four (24) hour period, then the parent who is in need of child care shall first contact the other parent prior to making other arrangements for such child care to determine if that parent can or is able to care for the children during this absence of the custodial parent.

19.     If either parent intends to relocate outside the state or more than 100 miles within the state, they will provide at least 60 days advance written notice to the other parent and adhere to the provisions set forth in A.R.S. §25-408.

20.     The parents agree that if either parent moves outside of the state or more than 100 miles within the state and returns at a later date, they will revert to using their most recent parenting-time arrangements prior to the move until other arrangements can be negotiated.

21.     If either parent is unable to honor/meet their parent-time responsibilities, that parent will notify the other parent as soon as possible.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                        05/25/2011

22.    The holiday schedule set forth in this paragraph shall take priority over the regular
       parenting time schedule:

       a.      Spring Break:  Spring break is defined as the first full day that school is not in
               session through the last full day that school is not in session with a return to
               school the following morning.  Mother will have the children for spring break
               in all odd-numbered years and Father will have the children in all even-
               numbered years.

       b.      Fall Break:  Fall break is defined as the first full day that school is not in
               session through the last full day that school is not in session with a return to
               school the following morning.  Mother will have the children for fall break in
               all even-numbered years and Father will have the children in all odd-
               numbered years.

       c.      Mother's Day and Father's Day:  Each year, the children shall be with Mother
               on Mother's Day from 10:00 a.m. until 6:00 p.m., and with Father on Father's
               Day from 10:00 a.m. until 6:00 p.m.

       d.      July 4th:  July 4th is defined as July 4 at 10:00 a.m. through July 5 at 10:00
               a.m.  Mother will have the children in even-numbered years and Father will
               have the children in odd-numbered years.

       e.      Thanksgiving:     Thanksgiving  is  defined  as  the  Wednesday  before
               Thanksgiving when school lets out with a return to school the following
               Monday morning.  Mother will have the children in even-numbered years and
               Father will have the children in odd-numbered years.

       f.      Winter Break (including Christmas Eve/Christmas Day/New Year's Eve/New
               Year's Day):  Winter break is defined as the first full day that school is not in
               session through the last full day that school is not in session.  Mother will
               have the first half of this access in odd-numbered years and the second half in
               even-numbered years.  Father will have the first half of this access in even-
               numbered years and the second half in odd-numbered years.

       g.      Children's Birthday(s):  The parties agree that no special consideration will be
               given for the children's birthdays outside of the regularly occurring schedule
               other than the non-custodial parent will receive a phone call.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                                05/25/2011

      h.      Parent's Birthdays:  The parties agree that no special consideration will be given for the parent's birthdays outside of the regularly occurring schedule other than if the parent is not having access on his/her birthday they will receive a phone call with the children on that day.

23.    Each party may schedule a two-week vacation period with the children.  The parties will negotiate details of their vacation time at least 30 days in advance.  The parent planning to vacation with the children will provide the other parent with written notice of vacation plans plus an itinerary of travel dates and destination(s) where the traveling parent and children may be reached during the trip.

24.    During their respective parenting times, each parent shall be responsible for providing or arranging all transportation needs of the children.

25.    Each party shall allow the other party reasonable telephone access with the children while the children are in his/her physical custody.  Such telephone access shall be before the children's ordinary bedtime and may be initiated by either party or the children.  The party having physical custody of the children at the time of the telephone contact shall not listen in, record, or otherwise interfere with said contact.

26.    Each party has the right and responsibility to make, during the time that party has physical custody, routine daily decisions regarding the children's care consistent with the major decisions made by the parties as joint legal custodians.

27.    If either party disputes or seeks a change in either legal custody or parenting time, that party shall first attempt to resolve the dispute or change through private mediation or mediation provided by Conciliation Services.  No petition to modify custody or parenting time shall be considered absent an affirmative statement by the party seeking modification that mediation has occurred and was unsuccessful, except in cases where there is a genuine and imminent threat to the health, safety, or welfare of the children.

28.    At least every two years from the entry of this Decree, the parties shall review the terms of this parenting plan for the purpose of amending said plan in accordance with the needs of the children.  If the parties cannot agree after making a good faith effort to come to an agreement regarding amendments to said plan, the parties shall mediate the dispute prior to initiating a proceeding with the Court.

29.    The parties may at any time change or add to any of their time-share arrangements, including holiday and summer vacation, by mutual agreement without seeking Court

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                          05/25/2011

approval.  It is the Court's intent that the parties continue to allow flexibility for the children to go between houses to visit the other parent.

## MEDICAL INSURANCE

**IT IS ORDERED** that Father shall maintain medical insurance for the minor children. Father shall ensure that Mother is kept informed at all times of the name and address of the insurance provider as well as the policy number.  Additionally, Father shall provide Mother with valid insurance cards and policy information and update information changes.

**IT IS FURTHER ORDERED** that any non-covered or uninsured medical, dental, orthodontic, optical, prescription expenses, deductibles, and co-pays shall be paid 35% by Mother and 65% by Father.   If one party pays a health-related expense, any request for reimbursement of the other party's share shall be made within 180 days after the date the health-related services are rendered.  The party seeking reimbursement shall, upon request being made, provide the party from whom reimbursement is sought with copies of receipts or other evidence of payment.  The party from whom reimbursement is sought shall pay, or make acceptable reimbursement arrangements, within 45 days of the request for reimbursement.

## DEPENDENCY EXEMPTION

**IT IS ORDERED** that Father may claim the dependency tax exemption for John III every year, and Mother may claim the dependency tax exemption for Jordan every year.  Once John III emancipates, the parties will alternate the exemption for Jordan with Father claiming the exemption in odd-numbered years and Mother claiming the exemption in even-numbered years. If the party entitled to the exemption does not realize a financial benefit from the exemption for a given tax year, the other party shall be entitled to claim the tax exemption for that tax year.

**IT IS FURTHER ORDERED** that each party shall execute any forms required in order to implement these terms.

## EXCHANGE OF INCOME INFORMATION

**IT IS HEREBY ORDERED** that the parties shall exchange income information every twenty-four (24) months from the date of the entry of this Decree of Dissolution of Marriage for so long as a child support obligation is in place.  Said financial information shall include, but not be limited to:  personal tax returns with all schedules, affidavits of financial information, earning statements and other such documentation necessary to establish or prove the income of either party.  In addition, at the time of the exchange of financial information, the parties shall also exchange residential addresses and the names and addresses of their respective employers.  This

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                              05/25/2011

Order is subject to restriction if the Court has previously determined that personal identification information such as home addresses, telephone numbers, and e-mail addresses are not to be provided to either spouse.  In that event, the financial information addressed herein may be subject to redaction where appropriate.

## SPOUSAL MAINTENANCE

**IT IS ORDERED** that Husband shall pay to Wife spousal maintenance in the amount of $1,250 per month to commence on June 1, 2011.

The duration of this spousal maintenance award shall be between 5 and 10 years.  At any time prior to 5 years either side may file for modification based on the statute if they can show there has been a change of circumstances that is substantial and continuing in nature.  However, at the end of the fifth year either party has the ability to request that spousal maintenance either be terminated or continued consistent with the order entered earlier in this Minute Entry.

All spousal maintenance paid by Husband to Wife shall be tax deductible for Husband and shall be deemed income to Wife for income tax purposes.   It shall terminate upon the death of either party or remarriage of Wife.

Commencing July 1, 2011, the spousal maintenance payments shall be made through the Support Clearinghouse.  Until it becomes effective, Husband shall be responsible for ensuring that the payment is made through the Support Clearinghouse.

## PROPERTY DIVISION

With respect to the division of property,

**IT IS ORDERED:**

1.      Each party shall retain as his or her sole and separate property any and all personal property in that party's possession including, without limitation, furniture, furnishings, appliances, tools, art work, collectibles, and related personal property not otherwise disposed of by this order.

2.      Each party shall retain as his or her sole and separate property any savings, checking or other financial account held in that party's name.

3.      Wife is awarded the 2003 Cadillac Escalade vehicle subject to her being solely liable for any loans or financial obligations associated therewith.  Husband is awarded the 1999

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                    05/25/2011

Volvo vehicle subject to him being solely liable for any loans or financial obligations associated therewith.

4.      Any community, joint tenancy, or other property held in common by the parties which is not the subject of any orders herein shall be held by the parties as tenants in common, each possessing an undivided one-half interest, as of the date of this Decree.

**DIVISION OF DEBTS**

With respect to the division of debts:

**IT IS ORDERED** that Husband shall be solely liable for, indemnify and hold Wife harmless from the following debts and financial obligations:

1.      IRS debt owed by The Parker Law Firm.

2.      Unless otherwise provided herein, any financial obligations associated with or arising from any property award to Husband herein.

3.      Any debts or financial obligations incurred by Husband after the date of the parties' separation.

4.      Any debt in Husband's name.

5.      If Wife is named as a liable party on any debt listed above, Husband shall, within sixty days, take all necessary steps to remove Wife's name as a liable party from said debt.

**IT IS ORDERED** that Wife shall be solely liable for, indemnify and hold Husband harmless from the following debts and financial obligations:

1.      Unless otherwise provided herein, any financial obligations associated with or arising from any property awarded to Wife herein.

2.      Any debts or financial obligations incurred by Wife after the date of the parties' separation.

3.      Any debt in Wife's name.

4.      If Husband is named as a liable party on any debt listed above, Wife shall, within sixty days, take all necessary steps to remove Husband's name as a liable party from said debt.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2010-001599                                    05/25/2011

**IT IS FURTHER ORDERED** that any debts or financial obligations not addressed herein or subsequently discovered and incurred by either party prior to the date of service of process shall be the sole obligation of the party who incurred said debt or obligation, and that party shall indemnify and hold the other harmless therefrom.

**IT IS FURTHER ORDERED** that to the extent any community debts exist not expressly addressed in this Decree, each party shall be responsible for fifty (50) percent of such debt and shall indemnify and hold the other harmless from that portion of such debt allocated to that party. Community debt is defined as any debts, other than debts incurred for sole and separate properties, incurred during the marriage.

### RESTORATION OF NAME

Based upon the request of Wife and pursuant to A.R.S. §25-325(C),

**IT IS FURTHER ORDERED** restoring Wife's name to Regina Bogan.

**IT IS FURTHER ORDERED** signing this minute entry as a formal order of this Court pursuant to Rule 81, Arizona Rules of Family Law Procedure.

Dated: ___6/1/11___

/S/  HON. ANDREW G. KLEIN
_____
SUPERIOR COURT JUDGE
HON. ANDREW G. KLEIN

This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp. Attorneys are encouraged to review Supreme Court Administrative Orders 2010-117 and 2011-10 to determine their mandatory participation in eFiling through AZTurboCourt.

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at: http://www.superiorcourt.maricopa.gov/SuperiorCourt/Self-ServiceCenter.