WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John D. Parker, II,<br><br>               Plaintiff,<br><br>v.<br><br>First Step Group of Minnesota LLC (FN), et al.,<br><br>               Defendants. | No. CV-15-01217-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 10.) For the following reasons, the Court grants the motion.

## BACKGROUND

Plaintiff John Parker was married to Regina Parker (now Regina Bogan) when she filed for Chapter 7 bankruptcy protection on June 25, 2010. On October 5, 2010, she received her Chapter 7 discharge. The following year, on June 1, 2011, Regina and John Parker divorced.

On or about February 4, 2015, First Step Group of Minnesota LLC ("First Step"), a debt collector, sent Plaintiff a demand letter on behalf of Cach LLC stating that Plaintiff owed Cach LLC a balance of $3,527.37.[1]

On June 30, 2015, Plaintiff filed his Complaint (Doc. 1) alleging that Defendants

---

[1] The demand letter included the following statement: "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, CACH, LLC WILL NOT SUE YOU FOR IT, AND CACH, LLC WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY."

violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (FDCPA) by attempting to collect a debt that is no longer valid because it was discharged in Plaintiff's ex-wife's bankruptcy.  Plaintiff seeks statutory damages of $2000 ($1000 from First Step and $1000 from Cach, LLC), actual damages according to proof at trial, and reasonable attorneys' fees and court costs.

**DISCUSSION**

**I.     Legal Standard**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999).  To survive a Rule 12(c) motion, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (finding *Iqbal* applies to Rule 12(c) motions because Rule 12(b)(6) and Rule 12(c) motions are "functionally identical").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Here, the parties do not dispute the material facts.  The Court is presented only with questions of law.

## II. Analysis

When one spouse files for bankruptcy, the other spouse is not discharged of liability. *In re Kimmel*, 378 B.R. 630, 636 (B.A.P. 9th Cir. 2007) *aff'd,* 302 F. App'x 518 (9th Cir. 2008). "Pursuant to 11 U.S.C. § 524(a), a discharge under Chapter 11 releases the debtor from personal liability for any debts. Section 524 does not, however, provide for the release of *third parties* from liability." *In re Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir. 1995).

Section 524(e) provides that "[e]xcept as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Subsection (a)(3), through reference to section 541(a)(2), provides that (with some exceptions) a creditor cannot recover from the "interests of the debtor and the debtor's spouse in community property that is under the . . . joint management and control of the debtor." 11 U.S.C. § 524(a)(3); *id.* § 541(a)(2). Under Arizona law,[2] "spouses have equal management, control and disposition rights over their community property." A.R.S. § 25–214(B). Thus, "the effect of § 524(a)(3) is that all community property acquired post-bankruptcy is protected by the discharge." *In re Kimmel*, 378 B.R. at 636.

For the duration of the marriage, "§ 524(a)(3) can operate to provide nondebtor spouses with a de facto partial discharge of their separate debts by enjoining a creditor from attaching community property in which the nondebtor spouse has an interest." *Id.* Although the personal liability of a nondebtor spouse survives the bankruptcy, this liability can only be enforced against separate property, not community property: "a judgment creditor of the nondebtor spouse on a community claim loses the ability to collect from anything other than the judgment debtor's separate property." *Id.*

There is, however, a "temporal aspect" to this protection—"it applies only so long

---

[2] "California and Arizona law are nearly identical on the fundamental issue of spousal control over community property," and therefore Ninth Circuit cases relying on California community property law, such as *In re Kimmel*, apply equally to Arizona community property law. *In re Petersen*, 437 B.R. 858, 867 (D. Ariz. 2010).

as there is community property." *Id.* "Dissolution of the marriage . . . terminates the community, at which point after-acquired community property loses its § 524(a)(3) protection." *Id.*

Here, Plaintiff is no longer married to his ex-wife, and therefore he no longer has any community property for section 524(a)(3) to protect . His ex-wife's bankruptcy did not discharge any liability he may have had for the debt.

Plaintiff's only claim is that Defendants "used false, deceptive, or misleading representations or means in connection with the collection of a debt . . . by . . . attempting to collect a debt that is no longer valid." (Doc. 1 at 3.)  Because the bankruptcy of Plaintiff's spouse did not discharge the debt to the extent he may be liable for it, and because this is the basis on which he bases his claim, Plaintiff's claim necessarily fails.

Defendants requested attorney's fees and costs. (Doc. 12 at 6.) Congress provided that "[o]n a finding by the court that an action under [FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). The U.S. Supreme Court noted that the statute "codifies the background rule for attorney's fees," i.e. a court's "inherent power to award fees based on a litigant's bad faith," and held that the statute likewise codifies the background rule for costs, which is "that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172-76 (2013). The Court does not find that Plaintiff brought the present action in bad faith or for the purpose of harassment and therefore does not award attorney's fees. The Court has the discretion to award costs under *Marx* but declines to do so.

## CONCLUSION

Plaintiff remains liable for debts discharged as to his ex-wife in his ex-wife's bankruptcy, and therefore Defendants did not violate FDCPA by attempting to collect on such a debt.

/ / /

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 10) is **GRANTED**.  The Clerk of Court is directed to enter judgment accordingly.

Dated this 15th day of January, 2016.

_____
Honorable G. Murray Snow
United States District Judge